116 Cal.Rptr.2d 631 (2002)
96 Cal.App.4th 82
In re MARIBEL T., a Person Coming Under the Juvenile Court Law.
Los Angeles County Department of Children and Family Services, Plaintiff,
v.
Claudia B., Defendant and Respondent;
Martin T., Defendant and Appellant.
No. B150399.
Court of Appeal, Second District, Division Three.
February 11, 2002.
*632 No appearance for Plaintiff.
Janette Freeman Cochran, Pasadena, under appointment by the Court of Appeal, for Defendant and Appellant.
Karen L. Christensen, under appointment by the Court of Appeal, for Defendant and Respondent Claudia B.
KLEIN, P.J.
Martin T. (father) appeals a custody order of the juvenile court which prohibits father from removing his daughter, Maribel T. (born June 1998), from the State of California without prior notice to mother. We direct the juvenile court to modify its written order to conform to its oral pronouncement and, as so modified, affirm.

FACTUAL AND PROCEDURAL BACKGROUND
Maribel T. was declared a ward of the court on October 7, 1998, pursuant to Welfare and Institutions Code section 300 based on petition which, as sustained, alleged mother has a history of drug abuse, father is a current user of alcohol, mother and father engaged in a violent altercation in the presence of the minor, Maribel T.'s five half-siblings currently are dependents of the juvenile court and mother failed to comply with prior court orders regarding individual counseling.[1]
Maribel T. initially was placed in foster care. Father complied with all court orders, attended NA/AA and visited regularly. On March 29, 2000, father was granted overnight weekend visits and on May 11, 2000, the juvenile court ordered Maribel T. placed in father's home. Mother reportedly was in Mexico and had not visited Maribel T. since October of 1999. Maribel T. remained in father's care for the next year.
A report prepared for a review hearing on May 10, 2001, recommended that jurisdiction be terminated and father be granted sole legal and physical custody of Maribel T. Although mother had not contacted Department of Children and Family Services (DCFS) or father, DCFS recommended that mother continue to have monitored visitation.
Mother appeared at the May 10, 2001 hearing. Mother requested visitation as agreed by the parties and requested that father not remove Maribel T. from California without prior court approval. The juvenile court continued the matter to permit father to address mother's request. On the continued date, father argued the removal restriction requested by mother was inconsistent with sole legal and physical custody. The juvenile court concluded: "[S]omething as permanent as a move out of state . . . does require prior notice to the other parent regardless of what the status of the custody order is.... And in fact there was just a family law case that came down on that general point. [¶] So, in terms of moving from the state, father's not allowed to move the child from the state . . . without prior notice to mother."
The trial court terminated jurisdiction over Maribel T. and granted father sole legal and physical custody. However, the juvenile court's custody order filed May 16, 2001, provides Maribel T. shall not be removed by father or mother from the State of California "without the written consent of the other parent or order of the court."[2]

*633 CONTENTIONS
Father contends the juvenile court's order improperly restricted his removal of Maribel T. from the State of California.

DISCUSSION

1. The written custody order must be modified to conform to the juvenile court's order.

In the opening brief, father contends the restriction placed on his custody of Maribel T. is inconsistent with an award of sole legal and physical custody of the minor to father. Such custody gives father the sole right to change the minor's residence subject only to the juvenile court's power to restrain any removal that would prejudice the rights or welfare of the minor. (Fam. Code, § 7501.) Father complains the custody order, as filed by the juvenile court, exacerbated this abuse of discretion in that it failed to conform to the juvenile court's oral pronouncement and required father to obtain mother's written consent or an order of the court before Maribel T. could be removed from the State of California. Father asks this court to order the removal restriction deleted from the custody order.[3]
In her respondent's brief, mother contends the juvenile court's order was well within its discretion and notes similar orders are contemplated by Family Code section 3024, which permits a court to require notice to be given if the custodial parent intends to change a minor's residence.[4]
Mother asserts the reporter's transcript reveals the juvenile court ordered only that father give mother notice prior to moving Maribel T. from the State of California. Mother argues the juvenile court's oral pronouncement should control and the custody order should be modified to conform to it.
In the reply brief, father agrees an order directing correction of the custody order to conform to the provisions of Family Code section 3024 is an acceptable means by which to correct the error.
Father's concession appears to be appropriate. The juvenile court's order was a reasonable method by which to protect mother's continuing right to monitored visitation with Maribel T. Although mother had not exercised that right in some time, the notice requirement permitted mother an opportunity to protect that right or to have the right modified should father seek *634 to remove Maribel T. from the state. Accordingly, no abuse of discretion appears. (In re Stephanie M. (1994) 7 Cal.4th 295, 318, 27 Cal.Rptr.2d 595, 867 P.2d 706.)
However, the written custody order failed to conform to the juvenile court's oral order and imposed additional removal conditions that were not even discussed at the hearing on the matter. Because the circumstances of this case thus suggest the written custody order does not embody the terms contemplated by the juvenile court (see People v. Smith (1983) 33 Cal.3d 596, 599, 189 Cal.Rptr. 862, 659 P.2d 1152), we modify the custody order to conform to the juvenile court's oral ruling and affirm.[5]

DISPOSITION
The custody order filed May 16, 2001, is ordered modified to delete the provision that the minor not be removed from the State of California by father or mother without the written consent of the other parent or order of the court and substitute therefore a provision that directs father not to remove Maribel T. from the State of California without prior written notice to mother as contemplated in Family Code section 3024. As so modified, the custody order is affirmed.
We concur: CROSKEY and ALDRICH, JJ.
NOTES
[1] None of Maribel T.'s half-siblings is involved in this appeal.
[2] Welfare and Institutions Code section 362.4 provides that when jurisdiction is terminated over a minor who has been adjudged a dependent child, the juvenile court may issue an order determining the custody of, or visitation with, the child. The section further provides the order "may be used as the sole basis for opening a file in the superior court of the county in which the parent, who has been given custody, resides." (Welf. & Inst.Code, § 362.4; see In re Chantal S. (1996) 13 Cal.4th 196, 202-203, 51 Cal.Rptr.2d 866, 913 P.2d 1075.)
[3] By letter dated August 7, 2001, DCFS indicated it took no position in this matter and did not intend to file a brief.
[4] Family Code section 3024 provides: "In making an order for custody, if the court does not consider it inappropriate, the court may specify that a parent shall notify the other parent if the parent plans to change the residence of the child for more than 30 days, unless there is prior written agreement to the removal. The notice shall be given before the contemplated move, by mail, return receipt requested, postage prepaid, to the last known address of the parent to be notified. A copy of the notice shall also be sent to that parent's counsel of record. To the extent feasible, the notice shall be provided within a minimum of 45 days before the proposed change of residence so as to allow time for mediation of a new agreement concerning custody...." This provision is not mandatory and does not limit the right of a custodial parent to relocate under Family Code section 7501. (In re Marriage of Burgess (1996) 13 Cal.4th 25, 37-38, fn. 9, 51 Cal.Rptr.2d 444, 913 P.2d 473.)
[5] Father suggests the error in the written custody order might have been avoided if the Judicial Council's Custody Order-Juvenile form JV-200 provided a box that could be checked to indicate the court had made a custody order which embodied the provisions of Family Code section 3024. With respect to removal of a minor, form JV-200 presently provides boxes which may be checked to indicate a mother or father has been ordered not to remove a minor from the State of California or specified counties or other locations "without the written consent of the other parent or order of court." (See http://www.courtinfo.ca.gov/forms/documents/jv200.pdf. [as of Feb. 11, 2002].) We agree the suggested modification would improve the Custody Order-Juvenile form and recommend it to the Judicial Council's consideration.