Filed 2/18/26  In re H.C. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re H.C., a Person Coming Under the Juvenile Court Law. | B345883 (Los Angeles County Super. Ct. No. 24CCJP02171B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff, v. D.C., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Marguerite D. Downing, Judge.  Affirmed as modified.

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff.

_____

D.C. (father) appeals from the juvenile court's custody order, arguing that part of it should be stricken because it renders the order inconsistent, both internally and with its oral pronouncement that grants father unmonitored visitation with his daughter H.C. We order stricken the aspects of the order father challenges and affirm as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2024, the juvenile court sustained a petition under Welfare and Institutions Code section 300 based on father's violence against mother in the presence of H.C. (and mother's other child, not at issue here) and father's mental and emotional problems. The court removed H.C. from father, granted him monitored visits, and ordered reunification services for both parents, which for father included weekly drug and alcohol testing, a 52-week domestic violence program, parenting, individual counseling, and a psychological assessment.

As of April 2025, father had completed 32 of 52 sessions of his domestic violence program, 12 of 16 parenting classes, and attended nine individual counseling sessions. He tested negative on all his drug tests, except for one no-show and three that were cancelled due to sample issues. He had not undergone the psychological evaluation yet for lack of agencies accepting Medi-Cal. Father's visits with H.C. were going well, and the monitor expressed that both father and H.C. would benefit from unmonitored visits.

2

On April 17, 2025, the juvenile court terminated jurisdiction, granting mother sole physical and legal custody, with "unmonitored day visits with [H.C.] for a maximum of 9 hours per week."  The juvenile custody order, prepared by mother's counsel, allows father's visits to exceed nine hours if "monitored by a mutually agreed upon monitor but if the parents cannot agree then a professional monitor must be provided at father's expense," and "[m]other cannot monitor visits."  A box below this provision is checked stating the order continues on "the attached form JV-206."  That attachment states that father "was ordered to have" "only supervised visitation" because he "has not made substantial progress" in his court-ordered programs.

## DISCUSSION

Father challenges the inclusion of the JV-206 in the custody order because its statement that father was ordered to have "only supervised visitation" conflicts with the court's ruling that father may have nine hours of unmonitored visitation. Counsel for the Department, mother, and H.C. filed letters stating they take no position on father's appeal.  We agree that the form JV-206 should be stricken in its entirety to adhere to the juvenile court's oral ruling and the rest of the juvenile custody order granting father some unmonitored visitation.  (See *In re Maribel T.* (2002) 96 Cal.App.4th 82, 86 [modification is the proper remedy where "the written custody order failed to conform to the juvenile court's oral order"].)

3

## DISPOSITION

The custody order filed April 24, 2025, is modified to strike the checkmark next to the box on the juvenile custody order stating that the juvenile court's findings and orders are "[c]ontinued on the attached form JV-206" and to omit the attached form JV-206 in its entirety. The custody order is otherwise affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



CHAVEZ, J.



RICHARDSON, J.

4